UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JELANI BLACKWOOD,

|  | AMENDED |
| Plaintiffs, | COMPLAINT |

-against-

Dkt No.       12 CV 5893
              (MKB)(VVP)

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, THE NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER PAUL GRUB (A Member
of the New York City Police Department, Tax Reg. No. 934970,
assigned the 103rd Precinct on September 3, 2011 and Who
was Engaged in the Arrest of the Plaintiff), LIEUTENANT
KONRAD SEEGERS (A Member of the New York City
Police Department, Tax Reg. No. 902391, assigned the
103rd Precinct on September 3, 2011 and Who was Engaged
in the Arrest of the Plaintiff), POLICE OFFICER FRANK
LOMANGINO (A Member of the New York City
Police Department, Tax Reg. No. 938870, assigned the
103rd Precinct on September 3, 2011 and Who was Engaged
in the Arrest of the Plaintiff), SERGEANT OMAR COLON
(A Member of the New York City Police Department, Tax
Reg. No. 929921, assigned the 103rd Precinct on September
3, 2011 and Who was Engaged in the Arrest of the Plaintiff),
POLICE OFFICER MICHAEL BUCKLEMAN (A Member
of the New York City Police Department, Tax Reg. No. 936255,
assigned the 103rd Precinct on September 3, 2011 and Who was
Engaged in the Arrest of the Plaintiff), "JOHN DOES Nos.
"6 to 10" (Actual Names Unknown, intended to be the Police
Officers Assigned to the 103rd Precinct on September 3, 2011
Who Were Engaged in the Arrest of the Plaintiff on
September 3, 2011),

PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff by his attorney, MATTHEW A. KAUFMAN, ESQ., does state and say for his
Amended Complaint, as follows:

### JURISDICTION

1.    The jurisdiction of this Court is invoked by Plaintiffs pursuant to Title 28 of the
United States Code, Sections 1331, 1343(3) & (4) and 1367.

2.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that the claim arose in this District.

### JURY DEMAND

3.    Plaintiffs demand a trial by jury on all issues pursuant to the Seventh Amendment to the United States Constitution and Fed. R. Civ. P. 38.

### NATURE OF PROCEEDINGS

4.    This is a proceeding for compensatory and punitive damages owing to the Plaintiffs as a result of violations of their Civil Rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal law,  particularly Title 42 of the United States Code, Section 1983. The Plaintiff also raises local State law claims pursuant to 28 U.S.C. § 1367.

### PARTIES

5.    The Plaintiff, Jelani Blackwood is a resident of the County of Queens, County, City and State of New York.

6.    Defendant City of New York [hereinafter referred to as "City"] is a Municipal Corporation, duly formed and created pursuant to the laws and statutes of the State of New York.

7.    At all times material hereto, Defendant City, by its agents, servants and employees, as well as by the New York City Police Department [hereinafter "NYPD"] was responsible for the training and instruction of individuals employed by the NYPD.

8.    Defendant Police Commissioner Raymond Kelly is the Commissioner of the NYPD.

9.    Defendant Police Commissioner Raymond Kelly is and was at all times responsible for the policies, practices and/or customs of the NYPD, a municipal agency of Defendant CITY. He is and was at all times relevant herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers under his command who are or were employed by the NYPD, including the Defendants named herein. He is sued in his individual and official capacity.

10.   The Plaintiff has complied with all conditions precedent under New York Law:

    A)    On December 1, 2011, the Plaintiff, Jelani Blackwood served a Notice of Claim upon Defendants in full compliance with Section 50-e of the N.Y. General Municipal Law, **Exhibit "A"**;

    B)    On December 21, 2011, the Plaintiff, Jelani Blackwood appeared for a hearing pursuant to Section 50-h of the N.Y. General Municipal Law;

11.   Defendant Police Officer Paul Grub at all times material hereto is a Police Officer in the employ of Defendant NYPD, Tax Reg. No. 934970 and assigned to the 103rd Precinct on September 3, 2011[hereinafter referred to as "Grub"].

12.   Defendant Lieutenant Konrad Seegers, at all times material hereto, is a Police Officer in the employ of Defendant NYPD, Tax Reg. No. 902391 and assigned to the 103rd Precinct on September 3, 2011 [hereinafter "Seekers"].

13.   Defendant Police Officer Frank Lomangino, at all times material hereto, is a Police Officer in the employ of Defendant NYPD, Tax Reg. No. 938870 and assigned to the 103rd Precinct on September 3, 2011 [hereinafter "Lomangino"].

14.   Defendant Sergeant Omar Colon, at all times material hereto, is a Police Officer in the employ of Defendant NYPD, Tax Reg. No. 929921 and assigned to the 103rd Precinct on September 3, 2011 [hereinafter "Colon"].

15.   Defendant Police Officer Michael Buckleman, at all times material hereto, is a Police Officer in the employ of Defendant NYPD, Tax Reg. No. 938870 and assigned to the 103rd Precinct on September 3, 2011 [hereinafter "Buckleman"].

16.   Defendants "JOHN DOE" Nos. "6" to "10" (Actual Names Unknown) were members of the NYPD and, upon information and belief, assigned to the 103rd Precinct on September 3, 2011, who were engaged in the arrest of the Plaintiff on November 2, 2009.

17.   Defendants CITY and Police Commissioner Raymond Kelly are responsible, *inter alia*, for the management, administration, conduct and supervision of all personnel employed by the NYPD to protect the safety of the public and the property of the public.

18.   Defendants CITY and/or Police Commissioner Raymond Kelly was/were obligated to provide rules, regulations and training concerning Constitutional rulings and determinations concerning excessive force and treatment of persons arrested by members of the NYPD.

19. Each and every act of defendants alleged herein were done by defendants, and each of them as individuals, or through their employees, servants and/or agents, under color and authority of the laws, statutes, ordinances, customs and usages of the State of New York and United States of America, and under their offices with the State of New York.

20. Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment by Defendants CITY and/or Police Commissioner Raymond Kelly.

21. Each and all of the acts of the Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant CITY and/or Police Commissioner Raymond Kelly.

22. Hereinafter, Defendants Grub and "John Does Nos. "6" through "10" may be collectively referred to as the "Defendant Police Officers."

## BACKGROUND

23. At all times material hereto, the Plaintiff resided at 90-33 219th Street, Queens, New York.

24. At all times material hereto, at and about 9:00 to 9:30 p.m. on September 3, 2011, Defendant Police Officers "John Doe Nos. 6 through 10" were Police Officers employed by Defendant CITY and NYPD and on duty.

25. On September 3, 2011 at approximately 9:00 to 9:30 p.m., the Plaintiff, Jelani Blackwood was on Jamaica Avenue, immediately west of Parsons Avenue, in front of the Social Security Building at 155-10 Jamaica Avenue, Queens, N.Y.

26. On September 3, 2011, at approximately 9:00 to 9:30 p.m., an plain, unmarked car pulled-up suddenly near the Plaintiff. As soon as the vehicle stopped, the Plaintiff heard the sound of car doors opening, and persons running in his direction.

27. Fearing for his safety, the Plaintiff started to run towards Jamaica Avenue.

28. Defendant Police Officers, and particularly Defendant Police Officers Grub, Seegers, Lomangino, Omar and/or Buckleman thereafter battered the Plaintiff by throwing a hard object directly at the Plaintiff's head while he was at approximately in front of the Social Security Building at 155-10 Jamaica Avenue, Queens, New York, striking him directly in his head and causing him to fall to the ground and lose consciousness. As a result of the foregoing, the Plaintiff sustained grievous and serious, permanent physical and emotional injuries.

-4-

29.   At no time did the Defendant Police Officers identify themselves as police officers to the Plaintiff prior to Defendant Police Officers Grub, Seegers, Lomangino, Omar and/or Buckleman striking the Plaintiff.

30.   As a result of the aforementioned conduct by the Defendant Police Officers, the Plaintiff was severely injured, sustaining cuts and lacerations and rendered unconscious, restrained and taken the hospital for medical treatment.

31.   While at the hospital, the Plaintiff received medical treatment, including receiving sutures to his head for the injuries he sustained, as well as ointment and bandages for the scratches on his arms and hands.

32.   On September 4, 2011, Defendant Grub signed a Complaint for the Criminal Court of the City of New York, County of Queens against the Plaintiff, a copy of which is annexed hereto as **Exhibit "B"**. [hereinafter, the "Complaint].

33.   Defendant Grub charged the Plaintiff with the crimes of:

   A)   Resisting Arrest in violation of New York Penal Law § 205.30;

   B)   Criminal Possession of a Controlled Substance in the Seventh Degree in violation of New York Penal Law § 220.03; and,

   C)   Criminal Possession of Marihuana in the Fifth Degree in violation of New York Penal Law § 221.10 -1

34.   The Criminal Complaint was assigned docket number 2011QN048252 by the Criminal Court of the City of New York for the County of Queens.

35.   On September 4, 2011, the Plaintiff appeared in Court at which time he was arraigned, and the Court directed he was to receive medical attention.

36.   On September 4, 2011, the charges against the Plaintiff were dismissed in exchange for his plea to a violation of Criminal Possession of Controlled Substance in the Seventh Degree.

37.   That neither reasonable nor probable cause existed for the individual Defendant Police Officers to use any force against the Plaintiff, and to justify the unlawful, improper throwing of a hard object against his head, causing him to sustain serious and permanent injuries.

38.   At all times material herein, the Plaintiffs did maintain their innocence of the charges against them, and particularly asserted the force used by the Defendant Police Officers was excessive and unnecessary.

39. The Plaintiff sustained physical and emotional injury as a direct result of the aforementioned conduct by the defendants, including, but not limited to loss of consciousness, bleeding, lacerations requiring sutures, as well as discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

40. Defendants CITY and Police Commissioner Raymond Kelly, as the Defendants responsible for the policies, practices and/or customs of the NYPD, have acted with deliberate indifference to the Constitutional rights of those who would come into contact with the NYPD, and particularly Police Officers, such as the Defendant Police Officers in this case by failing to:

   A) Properly train, screen and supervise;
   B) Inadequately monitor NYPD Officers in handling warrantless arrests, and particularly using of serious and deadly force against the Plaintiff;
   C) The use of threatening deadly force against civilians without reasonable or probable cause to use said force;
   D) Failing to sufficiently discipline NYPD officers who engage in constitutional abuses; and,
   E) Encouraging, sanctioning and failing to rectify the NYPD unconstitutional abuses.

41. As a direct and proximate result of Defendants CITY and Police Commissioner Raymond Kelly's policies, practices and/or customs, the Plaintiffs herein were improperly and wrongfully subjected to the threat of deadly force and in fact, were subjected to unnecessary and unreasonable force where neither reasonable nor probable cause existed for the Defendant Police Officers' conduct towards the Plaintiff herein.

42. The Defendant Police Officers used excessive force against the Plaintiff without justification or cause.

43. Upon information and belief, these acts were especially committed against the Plaintiffs due to his national origin.

44. The Plaintiff sustained physical and emotional injury as a direct result of the aforementioned conduct by the Defendants, including, but not limited to discomfort, pain and suffering, mental anguish, fright, shock and other injuries.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Violation of Civil Rights, 42 USC § 1983)

45. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "44" with the same force and effect as if herein more fully set forth.

-6-

46.     All of the above Defendant Police Officers, by their foregoing acts, intentionally and willfully acted jointly and severally under color of law, statute, ordinance, regulations, customs and practice of the State of New York, to deprive the Plaintiff of his rights, privileges and immunities secured to him by the Constitutions and laws of the United States and New York.

47.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

48.     All of the aforementioned acts deprived the Plaintiff, of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

49.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

50.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said Department.

51.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52.     The acts complained of deprived the Plaintiff of his rights:

A)      Not to have excessive force imposed upon him;
B)      Not to have summary punishment imposed upon him;
C)      To receive equal protection under the law.

53.     The foregoing violations of the Plaintiff's Constitutional rights were undertaken under color of law, statutes, regulations and Constitution.

54.     As a result of the foregoing conduct by Defendants herein, the Plaintiff has been damaged in an amount to be determined by this Court, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Excessive Force)

55. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "44" and "46" to "54" with the same force and effect as if herein more fully set forth.

56. The level of force employed by the Defendants was objectively unreasonable and in violation of the Plaintiff's Constitutional rights.

57. As a result of the foregoing, the Plaintiff suffered significant bodily injuries, as well as a deprivation of liberty, invasion of privacy, severe emotional distress, public humiliation and violation of his constitutional rights.

58. As a result of the foregoing conduct by Defendants herein, the has been damaged in an amount to be determined by this Court, but not less than ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (Municipal Liability)

59. Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "44," "46" to "54" and "56" to "58" with the same force and effect as if herein more fully set forth.

60. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD all under the supervision of ranking officers of said department.

62. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

63. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by the Plaintiff as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by the Plaintiff as alleged herein.

-8-

65.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and NYPD, the Plaintiff was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

66.   The individual Defendant Police Officers, collectively and individually, while acting under color of State law, were directly and actively involved in violating the constitutional rights of the Plaintiff.

67.   The individual Defendant Police Officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate Police Officers, and were directly responsible for the violation of the Plaintiff's Constitutional rights.

68.   All of the foregoing acts by Defendant Police Officers deprived the Plaintiff, of Federally protected rights, including, but not limited to, the right:

A)   Not to have excessive force imposed upon him;
B)   Not to have summary punishment imposed upon him; and,
C)   To receive equal protection under the law.

69.   As a result of the foregoing the Plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, humiliation, deprivation of his constitutional rights and is entitled to compensatory and punitive damages in an amount to be determined by trial, , but not less than ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
**(Conspiracy to Violate Civil Rights)**

70.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "44," "46" to "54," "56" to "58" and "60" to "69" with the same force and effect as if herein more fully set forth.

71.   The individual Defendant Police Officers conspired and acted in concert to do whatever was necessary to the Plaintiff to obscure their improper conduct.

72.   Throughout the period of the conspiracy, the individual Defendant Police Officers, pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States.

73.   Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of the Plaintiff.

74.   The aforesaid conduct of defendants operated to deprive the Plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights to be free from unnecessary and excessive force.

75.   The foregoing violations of the Plaintiff's Constitutional rights by The individual Defendant Police Officers directly and proximately damaged the Plaintiff.

76.   As a result of the foregoing, the Plaintiff is entitled to compensatory and punitive damages to be determined by at trial, , but not less than ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
**(Supplemental State Claims of Assault & Battery)**

77.   Plaintiff repeats and realleges each and every allegation in paragraphs "1" to "44," "46" to "54," "56" to "58," "60" to "69" and "71" to "76" with the same force and effect as if herein more fully set forth.

78.   Prior to the commencement of this action, the Plaintiffs have has complied with all conditions precedent necessary to the maintaining of this suit under New York Law, to wit:

A)   On December 1, 2011, the Plaintiff, Jelani Blackwood served a Notice of Claim upon Defendants in full compliance with Section 50-e of the N.Y. General Municipal Law, **Exhibit "A"**;

B)   On December 21, 2011, the Plaintiff, Jelani Blackwood appeared for a hearing pursuant to Section 50-h of the N.Y. General Municipal Law;

C)   Prior to the commencement of this action, at least 30 days have elapsed since service of said Notice of Claim on Defendant City, and adjustment or payment thereof has been neglected and/or refused; and,

D)   This action is timely commenced within One year and 90 days of the happening of the events upon which the claim is based pursuant to N.Y. General Municipal Law § 50-I and General Construction Law § 25-a (1);

79.   This action falls within one or more of the exceptions as outlined in N.Y.C.P.L.R. § 1602.

80.   The individual Defendant Police Officers' aforementioned actions placed the Plaintiff in apprehension of imminent harmful and offensive bodily contact.

81.     As a result of the individual Defendant Police Officers' conduct, the Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

82.     The individual Defendant Police Officers touched and struck the Plaintiff in a harmful and offensive manner.

83.     The individual Defendant Police Officers did so without privilege or consent from the Plaintiff.

84.     As a result of the foregoing, the Plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment and humiliation, loss of liberty, and deprivation of his constitutional rights.

85.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages to be determined by the Court.

WHEREFORE, Plaintiff respectfully prays this Court for a judgment as follows:

A)     ONE MILLION ($1,000,000.00) DOLLARS on the Plaintiff's First, Second, Third, Fourth and Fifth Claims for Relief as compensatory damages as against the Defendants jointly and severally;

B)     ONE MILLION ($1,000,000.00) DOLLARS on the First, Second, Third, Fourth and Fifth Claims for Relief as punitive damages as against the Defendant Police Officers jointly and severally on behalf of the Plaintiff;

C)     Reasonable attorneys fees pursuant to 42 U.S.C. § 1988 in an amount to be determined by this Court;

as well as costs, fees disbursements.

Dated: New York, New York
          July 23, 2013

Yours, etc.,
MATTHEW A. KAUFMAN, ESQ.

By:     Matthew A. Kaufman [MK0598]
Attorney for Plaintiff
225 Broadway - Suite 1606
New York, NY 10007
Tel. No. (212) 619-2200
Fax No. (866) 784-1378
makaufman01@yahoo.com
My File No.    15,473.301

-11-

TO:    HON. MICHAEL A. CARDOZO
        Corporation Counsel, City of N.Y.
        Attorney for Defendants City of N.Y.,
               N.Y.P.D., Comm. Raymond Kelly
               & P.O. Paul Grub
        100 Church Street
        New York, N.Y. 10007

# EXHIBIT "A"

AFFIDI9712121DB3040

Q11651250

## CRIMINAL COURT OF THE CITY OF NEW YORK
## PART APAR, COUNTY OF QUEENS

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | STATE OF NEW YORK |
| v | COUNTY OF QUEENS |
| JALANI O BLACKWOOD | |
| DEFENDANT | |

POLICE OFFICER PAUL GRUB OF 103RD PRECINCT, TAX REG#: 934970, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT SEPTEMBER 3 2011 BETWEEN 9:15PM AND 9:20PM, AT THE NE INTERSECTION OF PARSONS BOULEVARD AND ARCHER AVENUE, COUNTY OF QUEENS, STATE OF NEW YORK

THE DEFENDANT COMMITTED THE OFFENSES OF:
PL 205.30 RESISTING ARREST
PL 220.03 (10/28/2010) CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE
            IN THE SEVENTH DEGREE
PL 221.10-1 CRIMINAL POSSESSION OF MARIHUANA IN THE FIFTH DEGREE

IN THAT THE DEFENDANT DID: INTENTIONALLY PREVENT OR ATTEMPT TO PREVENT A POLICE OFFICER OR A PEACE OFFICER FROM EFFECTING AN AUTHORIZED ARREST OF HIMSELF OR ANOTHER PERSON; KNOWINGLY AND UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE; PROVIDED, HOWEVER, THAT IT SHALL NOT BE A VIOLATION OF THIS SECTION WHEN A PERSON POSSESSED A RESIDUAL AMOUNT OF A CONTROLLED SUBSTANCE AND THAT RESIDUAL AMOUNT IS IN OR ON A HYPODERMIC SYRINGE OR HYPODERMIC NEEDLE OBTAINED AND POSSESSED PURSUANT TO SECTION THIRTY-THREE HUNDRED EIGHTY-ONE OF THE PUBLIC HEALTH LAW KNOWINGLY AND UNLAWFULLY POSSESS MARIHUANA IN A PUBLIC PLACE AS DEFINED IN SECTION 240.00 OF THE PENAL LAW, AND SUCH MARIHUANA WAS BURNING OR OPEN TO PUBLIC VIEW

THE SOURCE OF DEPONENT'S INFORMATION AND THE GROUNDS FOR DEPONENT'S BELIEF ARE AS FOLLOWS:

DEPONENT STATES THAT AT THE ABOVE-MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE, HE OBSERVED THE DEFENDANT, JALANI BLACKWOOD, ENGAGED IN A HAND TO HAND TRANSACTION WITH AN UNAPPREHENDED OTHER.

DEPONENT FURTHER STATES THAT WHEN HE APPROACHED THE DEFENDANT, THE DEFENDANT FLED AND DEPONENT OBSERVED THE DEFENDANT THROW ONE LARGE PLASTIC BAG CONTAINING NINETEEN PILLS OF ECSTASY METHYLENEDIOXYMETHAMPHETAMINE (MDMA) INSIDE SMALL ZIPLOCK BAGS AND TWO ZIPLOCK BAGS BAGS CONTAINING MARIJUANA ON THE GROUND AND THAT DEPONENT RECOVERED SAID BAGS FROM THE GROUND.

*Criminal Court of the City of New York*

County of _Queens_ Date _Nov 26_ 20 _12_

*I hereby certify that the within is a true*

*Copy of the Record on file at this Court*

_____ *Court Clerk*

APPD92121B3640

BLACKWOOD,JALANI O   G11651250
DEPONENT FURTHER STATES THAT HIS CONCLUSION THAT THE SUBSTANCES
RECOVERED ARE ECSTASY METHYLENEDIOXYMETHAMPHETAMINE (MDMA) AND MARIJUANA
IS BASED UPON HIS TRAINING IN THE IDENTIFICATION AND PACKAGING OF
CONTROLLED SUBSTANCES AND MARIJUANA.

DEPONENT FURTHER STATES THAT WHEN HE ATTEMPTED TO PLACE THE DEFENDANT
UNDER ARREST, THE DEFENDANT FLAILED HIS ARMS, BALLED HIS FISTS AND
WRESTLED WITH THE ARRESTING OFFICERS.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

9/4/11
DATE        SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF

_____
DATE        SIGNATURE

Criminal Court of the City of New York

County of _Queens_ Date _11/2/2012_

I hereby certify that the within is a true

Copy of the Record on file at this Court

_____ Court Clerk

# EXHIBIT "B"

THE CITY OF NEW YORK
------------------------------------------------X
In the Matter of the Claim of
JELANI BLACKWOOD,

                             Claimant,        **VERIFIED NOTICE**
                                         **OF CLAIM**

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
JOHN DOES Nos. "1" to "10" (Actual Names
Unknown, intended to be the Police Officers Assigned
to the 103th Precinct on September 3, 2011 Who were
Engaged in the Arrest of the Claimant),

                        Respondents.
------------------------------------------------X

TO:   **THE COMPTROLLER OF THE CITY OF NEW YORK, THE NEW YORK CITY
      POLICE DEPARTMENT, POLICE OFFICERS JOHN DOES Nos. "1" to "10":**

**PLEASE TAKE NOTICE,**

     **THAT,** the undersigned Claimant, JELANI BLACKWOOD hereby makes claim against:

     THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICERS JOHN DOES Nos. "1" to "10" (Actual Names Unknown, intended
to be the Police Officers Assigned to the 103th Precinct on September 3, 2011 Who Were
Engaged in the Arrest of the Claimant)

1.   **Name and post-office address of the claimants and their attorneys are as follows:**

    JELANI BLACKWOOD         MATTHEW A. KAUFMAN, ESQ.
    90-33 219th Street             Attorney for Claimant
    Queens, New York 11432      225 Broadway - Suite 1606
                            New York, N.Y. 10007
                            Tel. No. (212) 619-2200

2.   **Nature of the Claim:**

     Claim for emotional and personal injuries sustained by the Claimant, JELANI
BLACKWOOD arising on September 3, 2011 at approximately 9:00 p.m. as a result of
Respondents wrongful conduct, through their agents, servants and employees. Said
conduct includes the assault, battery and excessive force used by the Respondent Police

Officers while in the employ and service of Respondent City. Said wrongful conduct further includes assault and battery, and threatening the Claimant with severe bodily injury.

Respondent City, through its agents, servants and/or employees, used excessive force in stopping the Claimant, striking the Claimant violently in the head, causing him to fall and to sustain severe and permanent injuries. That said conduct was unlawful in violation of his Civil and Constitutional Rights under the 4th and 14th Amendment to the United States Constitution and New York Constitution, Article I, Section 6.

Respondent City employees, agents and/or servants all acted as police officers within the employ of Respondent City under color of law, and in wanton and reckless disregard of the Claimant's Constitutional and Civil rights, including the freedom from the use of excessive and unnecessary force as guaranteed by the Constitution of the State of New York and the United States Constitution. Respondents, through their employees, agents and/or servants, in furtherance of their conspiracy to deprive the Claimant of his Civil Rights, threatened the Claimant with further bodily injury after initially striking him.

Respondents CITY failed to properly train Police Officers John Does Numbers "1" to "10" on proper police procedures, including how to handle warrantless arrests of individuals, the proper use of force during an arrest, the obligation and manner to provide truthful information in police reports.

3.   **The time when, the place where and the manner in which the claim arose were as follows:**

The Claim arose September 3, 2011 at approximately 9:00 p.m. while the Claimant was on Jamaica Avenue, immediately west of Parsons Avenue, in front of the Social Security Building at 155-10 Jamaica Avenue, Queens, New York. Respondent Police Officers arrested, assaulted, battered and used excessive force against the Claimant, JELANI BLACKWOOD him to sustain grievous and serious, permanent physical and emotional injuries.

4.   **The items of damage or injuries claimed are (including dollar amounts):**

The Claimant, JELANI BLACKWOOD suffered physical and emotional injuries as a result of Respondents' conduct.

**TOTAL AMOUNT CLAIMED:**

**JELANI BLACKWOOD**            **ONE MILLION ($1,000,000.00) DOLLARS**

Dated: New York, New York
   December 1, 2011

        Yours, etc.,
        MATTHEW A. KAUFMAN, ESQ.

        By:  Matthew A. Kaufman
        Attorney for Claimant
        225 Broadway - Suite 1606
        New York, NY 10007
        Tel. No. (212) 619-2200
        My File No. 15,473.301

# VERIFICATION

STATE OF NEW YORK         )
: SS.:
COUNTY OF NEW YORK     )

**JELANI BLACKWOOD,** being duly sworn, depose and say:

    I am Claimant herein, I have read the foregoing Notice of Claim and know the contents thereof; and the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

JELANI BLACKWOOD

Sworn to before me the

1st  day of March, 2011

Notary Public

MATTHEW A. KAUFMAN
Notary Public, State of New York
No. 02KA4723415
Qualified in Kings County
Commission Expires 12/31/2014

Docket No.   12 CV 5893 [MKB] [VVP]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

JELANI BLACKWOOD,

Plaintiffs,

-against-

THE CITY OF NEW YORK, *et al*,

Defendants.

AMENDED COMPLAINT

MATTHEW A. KAUFMAN
ATTORNEY FOR PLAINTIFF
225 BROADWAY - SUITE 1606
NEW YORK, NEW YORK 10007
TEL. NO. (212) 619-2200
FILE NO.        15,473.301